**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLAY LEE JONES, on behalf of himself and all others similarly situated, | Case No. 25-cv-1843 (JPO) |
| *Plaintiff*, | |
| v. | |
| MOSCOT.COM, LLC, | |
| *Defendants*. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**Table of Contents**

PRELIMINARY STATEMENT............................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT....................................................................................................................... 4

    I.    Legal Standard ...................................................................................................... 4

        a.   Motion to Dismiss Pursuant to Rule 12(b)(1)................................................ 4

        b.  Constitutional Standing.................................................................................. 5

    II.    Plaintiff Fails to Plausibly Allege Standing ......................................................... 8

        a.   Plaintiff has Not Alleged Future Harm ......................................................... 8

        b.   Plaintiff Fails to Allege A Concrete and Particularized Injury...................... 9

    III.    Plaintiff's Claims Are Moot................................................................................ 13

    IV.    Plaintiff's NYCHRL Claim Must be Dismissed.......................................... 14

    V.   Plaintiff Is Not Entitled to Recovery of Civil Penalties, Fines, or Punitive Damages under the NYCHRL ..................................................................................................... 15

    VI.    Plaintiff's Declaratory Judgment Claim Must be Dismissed as Redundant ................. 16

CONCLUSION.................................................................................................................. 17

# Table of Authorities

**Cases**

*Calcano v. Swarkovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) ........................................ 5, 6, 7, 8

*Campbell v. Greisberger*, 80 F.3d 703 (2d Cir. 1996).................................................. 14

*Carter v. HealthPort Techs., LLC*, 882 F.3d 47 (2d Cir. 2016)........................................ 5

*Chauca v. Abraham*, 89 N.E.3d 475 (N.Y. 2017) ........................................................ 16

*Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94 (2d Cir. 2010)............................ 14

*Dawkins v. Schott NYC Corp.*, No. 22-CV-3617 (PKC), 2023 WL 6283285 (E.D.N.Y. Sep. 26, 2023) .............................................................................................10, 11

*Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. Jun. 4, 2019)................................... 15

*Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977 (S.D.N.Y. July 6, 2020) ....................... 9

*Dunston v. 243 Dekalb Ave. LLC*, No. 24-CV-4437 (BMC), 2025 WL 343475 (E.D.N.Y. Jan. 30, 2025) ............................................................................................. 8

*F.O. v. New York City Dept. of Educ.*, 899 F. Supp. 2d 251 (S.D.N.Y. 2012) .............................. 15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167 (2000) ........................... 14

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013)............................................. 4

*Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23 (2d Cir. 2014)............................................ 15

*Grannon v. 31 Essex St. LLC*, No. 22-cv-1134, 2023 WL 199287 (S.D.N.Y. Jan. 17, 2023)....... 13

*Greater New York Hospital Assoc. v. United States*, 1999 WL 1021561 (S.D.N.Y. Nov. 9, 1999)4, 5

*Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020)....... 15

*Hennesssy by & through Hennesssy v. Poetica Coffee Inc.*, No. 21-CV-5063(KAM)(RML) 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022) .................................................... 6

*Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990)...................................................................................................... 16

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993).................................................. 17

*Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006 (2d Cir. 1986) .................................. 5

*Kleeberg v. Eber*, 2020 WL 4586904 (S.D.N.Y. Aug. 10, 2020) ...................................... 17

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2nd Cir. 2006)........................... 15

*Kreisler v. Humane Soc'y of New York*, 2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018) .................. 15

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013)................................... 6

*Laufer v. Dove Hess Holdings*, No. 20-cv-00379, 2020 WL 7974268 (N.D.N.Y. Nov. 18, 2020)11

*Loadholt v. Dungarees, Inc.,* No. 22-cv-4699 (VEC), 2023 WL 2024792 (S.D.N.Y. Feb. 15, 2023) ............................................................................................................... 6, 7, 9

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) .................................................. 4

*Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874 (2d Cir. 1996) ............................... 4, 5

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994)........................... 4

*Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113 (2d Cir. 2004)................................. 15

*Sanchez v. NutCo, Inc.,* 2022 WL 846896 (S.D.N.Y. Mar. 22, 2022)........................... 15

*Spokeo v. Robins*, 136 S. Ct. 1540 (2016)......................................................................... 6

*Suris v. Collive Corp.,* 2022 WL 542987 (E.D.N.Y. Jan. 10, 2022) ............................... 17

*Suris v. Crutchfield New Media, LLC*, No. 22-CV-6961 (NRM), 2023 WL 3792512 (E.D.N.Y. June 2, 2023)......................................................................................................... 9

*Suvino v. Time Warner Cable, Inc.*, 2017 WL 3834777 (S.D.N.Y. Aug. 31, 2017) ...................... 18

*Tasini v. New York Times Co., Inc.*, 184 F.Supp.2d 350 (2d Cir. 2002) ........................... 4

*Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537 (S.D.N.Y. Mar. 30, 2023) ................................................................................................................... 5

*Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966 (S.D.N.Y. Mar. 14, 2023)..................................................................................................... 9

*Toro v. Gen. Store, LLC*, No. 1:22-CV-6130 (MKV), 2023 WL 4624690 (S.D.N.Y. July 19, 2023) ................................................................................................................. 8

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ................................................... 5

*Velazquez v. Home Controls, Inc.*, No. 1:22-CV-3921 (MKV), 2023 WL 4622597 (S.D.N.Y. July 19, 2023) ......................................................................................... 6, 7, 13

*Wahab v. White's Boots, Inc.*, No. 23 CIV. 9018 (JHR) (GS), 2024 WL 3909083 (S.D.N.Y. Aug. 16, 2024) .................................................................................................. 7

*Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21 (E.D.N.Y. 2023) ...................... 7, 9, 13

*Zinnamon v. Satya Jewelry II, LLC*, 23-CV-781, 2023 WL 3511123 (S.D.N.Y. Apr. 28, 2023) .... 1

**Statutes**

American with Disabilities Act, 42 U.S.C. § 12182 *et seq*........................................ 1, 17

Federal Rule of Civil Procedure 12(b)(1) ........................................................ 1, 4, 5, 8

New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*.......................... 1, 16, 17

Defendant Moscot.com, LLC ("Moscot") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Clay Lee Jones' ("Plaintiff" or "Jones") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1).

## PRELIMINARY STATEMENT

Plaintiff alleges that Moscot's website (the "Website") is not equally accessible to individuals who are visually impaired and thus violates the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq*. (ADA) and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. (NYCHRL).

As set forth below, Plaintiff lacks standing to bring this matter, requiring the Complaint's dismissal. Specifically, the Complaint fails to plausibly allege a real and immediate threat of future injury, as well as a concrete and particularized injury. Moreover, the claims raised in the Complaint are moot because a screen reader user *can*, in fact, purchase the product that the Plaintiff alleges he cannot purchase.

Plaintiff's status as a serial filer is instructive as to Plaintiff's lack of a concrete and particularized injury. As of the date of this filing, Plaintiff has filed at least twenty-five such lawsuits since August 2024, using substantially identical language and asserting identical claims. Plaintiff's counsel has a frequent habit of consistently filing ADA complaints in this blasé manner and his law firm has been sanctioned for this conduct in the past. *See, e.g.*, *Zinnamon v. Satya Jewelry II, LLC*, 23-CV-781, 2023 WL 3511123, at * 2-3 (S.D.N.Y. Apr. 28, 2023).

Finally, because NYCHRL claims are analyzed the same way as ADA claims, Plaintiff's NYCHRL claims should be dismissed for the same reasons articulated above. Alternatively, upon dismissal of the ADA claim for lack of standing, the Court should decline to exercise supplemental jurisdiction over Plaintiff's non-federal claims. Furthermore, Moscot respectfully requests that the Court dismiss Plaintiff's claim for civil penalties, fines, and punitive damages under NYCHRL

1

because Plaintiff has failed to establish his entitlement to those remedies. Lastly, the Court should dismiss Plaintiff's request for declaratory relief as redundant.

## STATEMENT OF FACTS

Plaintiff alleges that he is a resident of New York County, New York and is a visually impaired and legally blind individual. ECF 1, ¶ 13-14. Plaintiff alleges that he "was injured when Plaintiff attempted multiple times[1], most recently on June 8, 2024 to access Moscot's Website from Plaintiff's home in an effort to shop for Moscot's products, but encountered barriers that denied the full and equal access to Moscot's online goods, content, and services. Specifically, Plaintiff wanted to purchase sunglasses (Gelt Sun)." *Id.* at ¶¶ 20-21. Plaintiff alleges that he "wished to purchase this product because he was looking for durable, stylish sunglasses with a classic design. He needed eyewear that would offer both UV protection and a comfortable fit for daily wear." *Id.* at ¶ 22.

Plaintiff alleges that he "was unable to complete the purchase due to the inaccessibility of Defendant's Website." *Id.* at ¶ 24. Plaintiff vaguely and generically alleges that the barriers on the website "include but are not limited to: missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse" and the "Website also contained a host of broken links, which is a hyperlink to a non-existent or empty webpage." *Id.* at ¶¶ 44, 45. Plaintiff also alleges that "different images on the website have the same alternative text…" and that "sub-menu elements of the navigation menu are not accessible from the keyboard…" *Id.* at ¶¶ 46, 47. Further, Plaintiff alleges that "moving content has no mechanism to pause or stop the movement. The mechanism should be provided…" *Id.* at ¶ 48. Lastly, Plaintiff alleges that "non-interactive

---

[1] The Complaint does not identify or specify any specific dates or instances on which Plaintiff made the alleged "multiple" attempts, other than the single date of June 8, 2024.

2

element was marked up as keyboard focusable element…." *Id.* at ¶ 49.

Interestingly enough, much of the language of Plaintiff's supposed injury is used verbatim in Plaintiff's Counsel's past complaints and currently pending lawsuits, both for this Plaintiff and others.[2] Yet Plaintiff alleges, with no specificity as to timing, that he "intends to attempt to access the Website in the future to purchase products and services the Website offers, and more specifically sunglasses, if remedied." *Id.* at ¶ 29.

The allegations regarding the purported access barriers on the Website are substantially untrue. Moscot cares deeply about the ADA accessibility of its website and has been working with professionals for years to ensure accessibility of the Website. Declaration of Alara Aktan "(Aktan Decl.") ¶¶ 7-11. Testers at a third-party consultant, Level Access, performed tests to evaluate each of the cookie-cutter list of accessibility issues alleged in the Complaint and substantially did not encounter the issues alleged and were ultimately able to purchase the product that the Plaintiff allegedly sought to purchase. Aktan Decl. ¶ 16. Moreover, these tests revealed that these claims are not accurate about Moscot's Website: there were no incorrectly formatted lists, no unannounced pop ups, no unclear interactive elements, nor events requiring a mouse. Aktan Decl. ¶ 19. Simply put, testers repeatedly found that the problems alleged in the Complaint either did not exist or did not constitute access barriers when using the Website. The Complaint's allegations are instead

---

[2] *See Jones v. Dita, Inc.*, 1:24-cv-05867-AT; *Jones v. IICombined U.S.A., Inc.*, 1:24-cv-05869-KPF; *Jones v. The Ski Hut*, Inc., 1:24-cv-8338-JAV-GS; *Jones v. Barefoot Creations, LLC*, 1:24-cv-08347-LGS; *Jones v. American Giant, Inc.*, 1:24-cv-08349-DEH-HJR; *Jones v. Little Greene Corporation*, 1:24-cv-09068-MKV; *Jones v. Brain Dead Amusements, LLC*, 1:24-cv-09069-KPF; *Jones v. Nobull, LLC*, 1:24-cv-09072-GHW; *Jones v. My Turtle Store, LLC*, 1:24-cv-09224-AS; *Jones v. Nature's Way Brands, LLC*, 1:24-09225-VEC; *Jones v. Feit Industries, LLC*, 1:24-cv-09227-MMG; *Jones v. RCW, Inc.*, 1:24-cv-09232-JGK; *Jones v. Davie Group Trading (USA), Inc.*, 1:24-cv-10039-JLR; *Jones v. Yummy Bazaar, Inc.*, 1:24-cv-10040-AT; *Jones v. Nomatic, Inc.*, 1:24-cv-10042-JPO; *Jones v. Promenade Group, Inc.*, 1:24-cv-01839-MMG; *Jones v. Rebel Rags, LLC*, 1:25-cv-01841-JLR; *Jones v. Royal-TL, Inc.*, 1:25-cv-01842-MMG; *Jones v. Moscot.com, LLC*, 1:25-cv-01843-JPO; *Jones v. JH Wall Paints*, 1:25-cv-01845-JGK; *Jones v. Great Brands, Inc.*, 1:25-cv-02688-JPC; *Jones v. The Serpentarium, LLC*, 1:25-cv-02689-JMF-VF; *Jones v. Sunwarrior Ventures, LLC*, 1:25-cv-02690-VSB; *Jones v. Weby Corp.*, 1:25-cv-02691-MKV; *Jones v. Bulletproof 360, Inc.*, 1:25-cv-02693-GHW.

attributable to the copy-paste complaint process the Plaintiff used in creating a substantial number of complaints against different parties at the same time.

**ARGUMENT**

I.      **Legal Standard**

a.   **Motion to Dismiss Pursuant to Rule 12(b)(1)**

A court must dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden to prove by a preponderance of the evidence that jurisdiction is proper. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). Moreover, "an actual controversy must be extant at all stages of review." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72.

Under Fed. R. Civ. P. 12(b)(1), a challenge to the subject matter jurisdiction can be either a facial or factual challenge. "A *facial* challenge contests the sufficiency of the pleadings." *Tasini v. New York Times Co., Inc.*, 184 F.Supp.2d 350, 353 (2d Cir. 2002) (emphasis in original) (internal citations omitted); *see also Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 887 n.15 (2d Cir. 1996). "A *factual* attack, by contrast, 'challenges whether sufficient facts exist for the court to determine that it has jurisdiction to hear the plaintiff's claims.'" *Id.* citing *Greater New York Hospital Assoc. v. United States*, 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999). "While a court must accept as true all material allegations of the complaint in a *facial* attack, in a *factual* challenge, by contrast, no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the

4

jurisdictional facts." *Id.* (internal citations omitted). The attack in this case is factual, as Moscot challenges the facts underlying the Plaintiff's alleged claim of injury.

Since a factual jurisdictional challenge is involved, the Court is permitted to refer to extrinsic evidence to the pleadings. *Id*. (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); *see also Greater New York Hospital Assoc.*, 1999 WL 1021561, at *4 ("[i]n reviewing a factual challenge to subject matter jurisdiction, the court may rely on the plaintiff's complaint, as well as look to extrinsic evidence.") (emphasis in original); *Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2023) ("The Second Circuit recognizes that 'a defendant is permitted to make a fact-based' Rule 12(b)(1) motion to dismiss, defined as a jurisdictional objection 'proffering evidence beyond the complaint and its exhibits' as a basis for dismissal.") (quoting *Carter v. HealthPort Techs., LLC*, 882 F.3d 47, 56 – 57 (2d Cir. 2016) (cleaned up)).

### b. Constitutional Standing

A party invoking federal jurisdiction must, at every stage of the case, establish "the elements of Article III standing." *Calcano v. Swarkovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). A party may not establish an "injury-in-fact" by simply alleging a violation of a statute "divorced from any concrete harm;" the party must demonstrate an actual, concrete injury. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547-49 (2016).

Moreover, in recent years, to put a stop to the upsurge in meritless ADA website accessibility cases, such as this case, the standing requirements in the context of website accessibility lawsuits have become more exacting. The Second Circuit's decision in *Calcano*,

5

"raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Loadholt v. Dungarees, Inc.,* No. 22-cv-4699 (VEC), 2023 WL 2024792, at \*4 (S.D.N.Y. Feb. 15, 2023) (quoting *Hennesssy by & through Hennesssy v. Poetica Coffee Inc.*, No. 21-CV-5063(KAM)(RML) 2022 WL 4095557, at \*4 (E.D.N.Y. Sept. 7, 2022)). "The Second Circuit has made clear that 'conclusory, boilerplate allegations' that a plaintiff has been injured in the ADA context 'fail to establish standing.'" *Velazquez v. Home Controls, Inc.*, No. 1:22-CV-3921 (MKV), 2023 WL 4622597, at \*3 (S.D.N.Y. July 19, 2023) (quoting *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022)).

In the ADA context, the Second Circuit has thus explained, "a plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location.'" *Calcano*, 36 F.4th at 74 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013) (alternation in *Calcano*)).

"When it comes to websites, 'the third requirement [for standing] can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on *the past frequency of visits* and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website.'" *Velazquez v. Home Controls, Inc.*, No. 1:22-CV-3921 (MKV), 2023 WL 4622597, at \*2 (S.D.N.Y. July 19, 2023) (quoting *Loadholt v. Dungarees, Inc.*, No. 22-cv-4699, 2023 WL 2024792, at \*2 (S.D.N.Y. Feb. 15, 2023)) (emphasis added). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the "totality of all relevant facts,"' the

6

plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022). Thus, as part of the standing injury requirements, complaints must include specific facts relevant to the plaintiff and not general histories of the ADA or facts generally applicable to website compliance. *See Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023).

Furthermore, when examining a complaint under this standard, courts consider evidence of suspicious repeated filings. *Wahab v. White's Boots, Inc.*, No. 23 CIV. 9018 (JHR) (GS), 2024 WL 3909083, at *7 (S.D.N.Y. Aug. 16, 2024) ("research revealed that from June 28, 2023 through July 31, 2024, Wahab filed a total of 67 lawsuits in this District. . . . all ADA website cases, brought against 67 different companies. Stein Saks, PLLC ("Stein Saks"), Plaintiff's counsel in this case, represents Wahab in all 67 cases."); *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 26 (E.D.N.Y. 2023) ("The fact that plaintiff is a serial filer . . . bears on the plausibility of his standing claim"); *Velazquez v. Home Controls, Inc.*, No. 1:22-CV-3921 (MKV), 2023 WL 4622597, at *3 (S.D.N.Y. July 19, 2023) ("[w]hile the Plaintiff plausibly might have visited one hundred defective websites over the course of several months, the likelihood that he plans to return to each one (and thus has standing in each case filed) is seemingly low. As a result, the Court reviews Plaintiff's complaint with a degree of skepticism that should naturally accompany serial litigants, to ensure that the complaint sufficiently alleges injuries endured or imminently threatened."). This concern is most clearly seen when plaintiffs file substantially the same complaints, with copy-and-paste templates, showing the disingenuous nature of their complaints and absence of the required standing. *See Toro v. Gen. Store, LLC*, No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023) ("There is nothing wrong, of course, with a plaintiff seeking repeated relief in response to repeated injury. But the frequency with which Plaintiff has filed these near-

identical complaints is arresting, and should not be ignored. Indeed, the Second Circuit has explained that when a series of "carbon-copy complaints" have been filed, courts should take notice of 'the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings.'") (quoting *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022)); s*ee also Dunston v. 243 Dekalb Ave. LLC*, No. 24-CV-4437 (BMC), 2025 WL 343475, at *2 (E.D.N.Y. Jan. 30, 2025) ("This furthers a concern that this Court, and many others, have expressed – that Title III of the ADA has primarily become a tool not used to ensure disabled persons can access privately operated public accommodations, but instead used by a specialized plaintiff's bar against "mom and pop" operations . . . to extract attorneys' fees.")

## II.    Plaintiff Fails to Plausibly Allege Standing

### a.  Plaintiff has Not Alleged Future Harm

The Complaint fails under Rule 12(b)(1) because Plaintiff fails to allege sufficient, specific facts showing that he will frequent the Website in the future and thus cannot show an "injury in fact". Indeed, Plaintiff's vague allegations are legally insufficient to show that he faced a "material risk of future harm" that is "sufficiently imminent and substantial to sue under Title III of the ADA" – particularly in the context of ADA website cases. *See Calcano*, 36 F.4th at 75 ("The central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury.") (internal citations and quotations omitted); *see also Suris v. Crutchfield New Media, LLC*, No. 22-CV-6961 (NRM), 2023 WL 3792512, at *3-4 (E.D.N.Y. June 2, 2023) (finding that plaintiff failed to establish standing since he failed to specify *when* he planned to return to the defendant's website) (emphasis added); *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699 (VEC), 2023 WL 2024792, at *2-3 (finding that plaintiff failed to establish standing where he alleged he visited defendant's website two times in the past to "potentially" purchase "some belts

8

and a jacket" from the defendant's website and that he would "still like to return" to the website to "potentially purchase" certain items); *Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) (finding no standing where plaintiff alleged that she visited an online retailer twice to purchase a "hook and needle kit" and that she "unequivocally intends to return to the website … as soon as the accessibility barriers are cured").

Here, the Complaint similarly lacks the requisite specificity that Plaintiff intends to return to the website. Plaintiff openly pleads simply that he intends to return when the access barriers are rectified. But an assertion of intent to return to a website when alleged barriers have been rectified is insufficient to confer standing. *See Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020). This assertion is further belied by the third-party testing that showed that those similarly situated to Plaintiff would, in fact, be able to use the Website to purchase the product he allegedly sought to purchase. *See* Atkan Decl. ¶¶ 16-19.

### b.  Plaintiff Fails to Allege A Concrete and Particularized Injury

Plaintiff also lacks standing because he fails to allege sufficient detail as to why he was specifically interested in Moscot's products, and thus cannot establish a concrete and particularized injury. *See e.g. Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023) ("The Court is not going to suggest what would be adequate allegations, but he could have set forth his golfing experience or what inspired him to start learning now; named other golf instruction websites that he has successfully visited or noted prior golf lessons he has taken; listed some of the courses he has played; or any other facts that show he is, or, perhaps, wants to be a golfer."); *Dawkins v. Schott NYC Corp.*, No. 22-CV-3617 (PKC), 2023 WL 6283285, *8 (E.D.N.Y. Sep. 26, 2023) ("Plaintiff's pleadings, however, still fail to allege several important factors that would 'nudge' the Complaint 'across the line from conceivable to plausible' by failing to allege 'the genesis of his sudden need or want' for the defendant's product, that defendant 'is the only

9

retailer that sells the particular' product he wanted, or that he 'searched for comparable . . . jackets but has been unable to find them at a comparable price point'") (citations omitted).

Here, Plaintiff's allegations similarly fail to allege facts that support a concrete and particularized injury. Plaintiff alleges that he "wanted to purchase sunglasses (Gelt Sun)" because "he was looking for durable, stylish sunglasses with a classic design. He needed eyewear that would offer UV protection and a comfortable fit for daily wear" and that he found Moscot's "Website via "Google" search" and that "[t]his Website holds themselves out as an online store renowned for offering high-quality eyewear, including both prescription glasses and sunglasses. The brand is known for its classic, vintage-inspired designs and craftsmanship. The Website also offers a discount on a first purchase. Therefore, Plaintiff desired to buy products from the Website." ECF 1, ¶¶ 38-42. These allegations are generic and more akin to what one would see in a catalogue than how one would describe their actual desire to purchase a product.

Indeed, there is an even more fundamental problem to Plaintiff's Pleading – Moscot offers for sale ***146 styles of sunglasses*** on its Website, all of which meet the stated criteria of the Plaintiff of "durable, stylish sunglasses" with UV protection. He fails to state what, specifically, it was about the Gelt model, which captivated his interest, or why Plaintiff could not simply have purchased a different pair of sunglasses from Moscot. There are no allegations that Plaintiff even considered purchasing any of the 145 other models of sunglasses sold by Moscot, much less attempted or was unable to do so.

Similarly to *Dawkins*, the Complaint fails to cross the line from "conceivable to plausible" because Plaintiff does not allege that he had searched for similar sunglasses – either on Moscot's Website or from third parties – that he was unable to find at a comparable price point, nor does he allege that Moscot is the only retailer that sells the type of sunglasses he allegedly wished to

10

purchase, or any other allegations as to why Plaintiff specifically sought out Moscot Gelt sunglasses rather than the 145 models sold by Moscot or numerous other luxury eyewear companies that sell sunglasses. *Dawkins*, 2023 WL 6283285, at *8. To the contrary, Plaintiff claims that he happened to find the Website through a cursory Google search sometime last Spring, and has been waiting for almost a year for Moscot to remediate its Website before purchasing sunglasses. ECF 1, ¶ 23. Should Plaintiff claim that it was due to Moscot holding "themselves out as an online store renowned for offering high-quality eyewear, . . . [and that] the brand is known for its classic, vintage-inspired designs and craftsmanship" (ECF 1, ¶ 23) *Dawkins* held that these sorts of allegations are "value assertions" and "are not factual allegations about Plaintiff's own experiences or intent, but are allegations about the theoretical desirability of Defendant's products by the public in general." *Dawkins*, 2023 WL 6283285, at *8 n. 4. Indeed, Plaintiff has clearly failed to set forth any details as to why this *particular* product has any actual, specific relevance to him beside his desire to seek out and remedy ADA violations, which courts have held does not amount to a concrete and particularized injury. *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023) (citing *Laufer v. Dove Hess Holdings*, No. 20-cv-00379, 2020 WL 7974268, at *11 (N.D.N.Y. Nov. 18, 2020)) (Where a "tester plaintiff discovers and is offended by ADA violations on a website, but that website has no actual, specific relevance to that particular plaintiff beyond the plaintiff's desire to seek out and remedy ADA violations, no concrete and particularized injury has been alleged").

Beyond Plaintiff's value assertions regarding Moscot's brand and products, the Complaint largely consists of generic descriptions of the internet and elements that can go wrong with the accessibility of websites, without even attempting to make it specific about Moscot's Website and/or Plaintiff's experiences. *See, e.g.*, ECF 1, ¶¶ 3, 30-36. These statements are copy-pasted and

11

used in the twenty-five ADA complaints recently filed by Plaintiff. Indeed, Plaintiff's twenty-five complaints are "mad-libs" style, template complaints, whereby blanks are left to fill in generic, value assertions regarding the given defendant, and the products and/or services sold by that defendant, with the remainder of the language and allegations of the complaints being not just similar, but *identical* to one another. Declaration of Anna Iskikian ("Iskikian Decl."), ¶ 3-4; Exs. 2, 3, 4, 5 to Iskikian Decl. The fill-in-the-blank paragraphs of Plaintiff's complaints allege a small assemblage or "menu" of general accessibility issues. *Id.*

And as to those paragraphs that allege purported accessibility barriers – Paragraphs 44 through 49 – the allegations are not true, as confirmed by the tests performed by Level Access. Aktan Decl. ¶ 19. However, even if any one of the alleged problems existed, the Complaint does not evidence a particularized injury experienced by Plaintiff; rather it would be a lucky guess, based on the possibility that a website might be imperfect and have one of a myriad of the accessibility problems that Plaintiff and his counsel routinely deploy against other victims of their cookie-cutter complaints.

As such, Plaintiff's status as a serial filer informs the standing analysis and demonstrates Plaintiff's lack of a concrete and particularized injury. Plaintiff has filed repeated lawsuits, using substantially the same language in what appears to be a fill-in-the-blank style Complaint, to target many Websites, which calls into question Plaintiff's alleged actual injury. *See Velazquez v. Home Controls, Inc.*, No. 1:22-CV-3921 (MKV), 2023 WL 4622597, at *3 (S.D.N.Y. July 19, 2023) ("The frequency of these filings and the 'cut and paste' nature of the conclusory allegations are disturbing"); *Grannon v. 31 Essex St. LLC*, No. 22-cv-1134, 2023 WL 199287, at *4 (S.D.N.Y. Jan. 17, 2023) ("[C]ookie-cutter complaints provide evidence of an insufficiently pled complaint"); *see also Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y.

2023) ("to find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites (possibly after being referred to them by their non-sensory impaired lawyer), and bring 50 suits. Standing requires more.").

### III.     Plaintiff's Claims Are Moot

Long before Moscot was served with Plaintiff's Complaint, Moscot focused its resources and time to prioritize the need to make the Website accessible to people with disabilities in accordance with WCAG guidelines. *See* Aktan Decl. ¶¶ 3-5, 21. Moscot has taken commercially reasonable steps to prevent the occurrence of a violation of WCAG guidelines in the future, and importantly, has committed as an organization to working with expert accessibility consultants and a regimen of continuous testing and improvement. *Id.* at ¶¶ 18-21. Since being served with Plaintiff's Complaint, Moscot engaged Level Access to test for the claimed defects, and remediated the single low severity issue that could be replicated and confirmed. Therefore, no actual case or controversy exists and the case is moot. Because this case is moot, the Court lacks subject matter jurisdiction and must dismiss Plaintiff's Complaint.

"[F]actual changes made by a defendant after litigation has commenced cannot render a case moot unless it is absolutely clear the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)). However, "[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Id.* (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)).

Here, there is no reasonable expectation that the alleged violations will recur because: (a) only one of the alleged issues, which was classified by Level Access as "low severity," was found

to exist; and (b) interim events have irrevocably eradicated the effects of the alleged violation as Moscot has remediated the alleged accessibility issue verified to have existed by Level Access. *See* Exhibit C, Aktan Decl., ¶¶ 16-20. Level Access did not find any accessibility ***barriers***, meaning issues that prevented visually impaired or legally blind individuals from completing tasks. *See* Atkan Decl. ¶ 16, 19. Moscot has (i) specifically tested, addressed, and remedied the alleged access barriers Plaintiff claimed to have encountered, and (ii) will actively work closely with its development team and Level Access on an ongoing basis to remain in compliance with WCAG guidelines. *Id.*[3] As such, there is no reasonable expectation that any of the alleged violations will recur in the future. *See Clear Channel Outdoor*, 594 F.3d at 110; *Sanchez v. NutCo, Inc.,* 2022 WL 846896, *3 (S.D.N.Y. Mar. 22, 2022). Accordingly, Plaintiff's claims are moot, and the Complaint should be dismissed with prejudice because the Court lacks subject matter jurisdiction over the matter. *See F.O. v. New York City Dept. of Educ.*, 899 F. Supp. 2d 251, 255 (S.D.N.Y. 2012); *see also Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. Jun. 4, 2019) (dismissing ADA complaint for mootness where defendant submitted an affidavit demonstrating compliance with WCAG, remediation of access barriers, and expressed continued commitment to keep its website compliant); *Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) (same).

## IV.    Plaintiff's NYCHRL Claim Must be Dismissed

The Court should also dismiss Plaintiff's NYCHRL claim for lack of standing. New York state disability discrimination claims are governed by the same legal standards as federal ADA

---

[3] Moscot's commitment to remain in compliance with WCAG is further demonstrated by the praise it has received from Level Access in connection with Moscot's ongoing efforts to improve accessibility. For example, Level Access has given Moscot a 97% monitoring score, which places Moscot among some of the highest scoring clients of Level Access. Aktan Decl. ¶ 8. Level Access has also stated that "Moscot's accessibility program has made phenomenal strides" and that Moscot is among Level Access's "most consistent and committed clients." Aktan Decl. ¶¶ 9, 11.

claims. *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117n.1 (2d Cir. 2004); *Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 26 (2d Cir. 2014); *Kreisler v. Humane Soc'y of New York*, 2018 WL 4778914, at \*6, \*8 & n.5 (S.D.N.Y. Oct. 3, 2018) (granting dismissal with respect to alleged ADA violations due to mootness, and concluding, "[f]or the same reasons," that the plaintiff "also lack[ed] standing . . . under the NYCHRL") (citation omitted).

Alternatively, having dismissed Plaintiff's only federal claim in this case, the Court should decline to exercise supplemental jurisdiction over Plaintiff's city law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

## V.    Plaintiff Is Not Entitled to Recovery of Civil Penalties, Fines, or Punitive Damages under the NYCHRL

Should the Court find that Plaintiff has standing, which he does not, the Court should dismiss the NYCHRL claim in its entirety, in part, because Plaintiff has failed to state a claim for several forms of relief under the NYCHRL.

Civil penalties are not recoverable by individual plaintiffs under the NYCHRL. *See* N.Y.C. Admin. Code, Tit. 8, Ch. 1, § 8-127(a) ("Any civil penalties recovered pursuant to this chapter shall be paid into the general fund of the city."). Moreover, as the New York Court of Appeals has explained, to be awarded punitive damages under the NYCHRL, the defendant must have "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) (quoting *Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990)) (rejecting the notion that a mere showing of discrimination made punitive damages automatically available). Here,

15

Plaintiff has failed to allege any facts whatsoever to support its wholly conclusory allegation that Defendant's actions were somehow "willful intentional discrimination." ECF 1, ¶ 84. Indeed, other than a conclusory use of the word "willful," he does not allege anything to suggest that Moscot's purported website violations had a "high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 89 N.E.3d 475, 479 (N.Y. 2017). He does not, for instance, plead that defendant refused to remedy violations after those violations were brought to defendant's attention; he merely pleads that the violations occurred. While Plaintiff alleges a purported "refusal to remove access barriers" at Paragraph 52 of his Complaint, he pleads no *facts* to support that conclusory allegation. Notably, in keeping with this law firm's scheme in bringing these cookie-cutter claims, Plaintiff does not claim to, and did not, contact Moscot in any manner with any concern prior to these lawyers filing suit. Aktan Decl. ¶ 13. But while those violations could be enough (if proved) to support liability for a violation of the applicable law, *Chauca* expressly rejected the notion that punitive damages are available "whenever liability, vicarious or direct, is demonstrated." *Id*. at 480. And if that is insufficient to support an award of punitive damages, than conclusorily alleging it is insufficient to satisfy the pleading burden, and the request for punitive damages must be dismissed. *See Suris v. Collive Corp.,* 2022 WL 542987, at *6 (E.D.N.Y. Jan. 10, 2022) (denying request for punitive damages because generic pleading of failure to make site accessible does not establish willful or wanton negligence or recklessness).

### VI.    Plaintiff's Declaratory Judgment Claim Must be Dismissed as Redundant

At Count III of the Complaint, Plaintiff seeks a judicial declaration that Moscot violated the ADA (42 U.S.C. §§ 12182, *et seq.*) and the NYCHRL (N.Y.C. Admin. Code § 8-107, *et seq.*) by failing to maintain an accessible website. But Count I of the Complaint alleges that Moscot violated the ADA by failing to maintain an accessible website and Count II alleges that Moscot

16

violated the NYCHRL by failing to maintain an accessible website. As such, Count III is entirely redundant because it raises exactly the same claims as Counts I and II.

Such redundancy matters because "'[a] declaratory judgment action cannot be maintained [when] it parallels the other claims and merely seeks a declaration of the same rights and obligations.'" *Kleeberg v. Eber*, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020) (citations omitted). Further, "[w]here a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2d Cir. 1993). Because Plaintiff can obtain no relief from Count III that he would not already obtain from Counts I and II, the Court should dismiss plaintiff's declaratory judgment claim. *See, e.g.*, *Suvino v. Time Warner Cable, Inc.*, 2017 WL 3834777, at *3 (S.D.N.Y. Aug. 31, 2017) (dismissing request for declaratory judgment in ADA website case that was redundant of other claims).

**CONCLUSION**

Plaintiff's complaint should be dismissed for lack of standing because Plaintiff has failed to adequately allege that he will revisit the Website and because Plaintiff has failed to allege any details as to why this particular product has any actual, specific relevance to him other than a desire to seek out and remedy ADA violations such that he did not plead a particularized injury. Furthermore, tests conducted by a third-party reviewer do not experience the problems alleged in the Complaint, rendering the Complaint moot. For these reasons, this Court should grant Moscot's Motion to Dismiss, dismiss the Complaint with prejudice, and grant such other, further relief as this Court deems just.

Dated: May 1, 2025
   Brooklyn, NY

Respectfully submitted,

**LEWIS & LIN, LLC**

By:_/s/ *Brett E. Lewis*_____
Brett E. Lewis, Esq.
Anna Iskikian, Esq.
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
brett@ilawco.com
anna@ilawco.com

*Counsel for Defendant*

CC:    All counsel of record (via ECF)

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 1, 2025, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system:

STEIN SAKS, PLLC
Rami Salim, Esq.
rsalim@steinsakslegal.com
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel: (201) 282-6500
Fax: (201) 282-6501
Attorneys for Plaintiff

/s/ *Brett E. Lewis*
Brett E. Lewis, Esq.
Anna Iskikian, Esq.
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
brett@ilawco.com
anna@ilawco.com

19