**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLAY LEE JONES, on behalf of himself and all others similarly situated, | Case No. 25-cv-1843 (JPO) |
| *Plaintiff,* | |
| v. | |
| MOSCOT.COM, LLC, | |
| *Defendants.* | |

## REPLY IN SUPPORT OF MOSCOT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**Table of Contents**

*PRELIMINARY STATEMENT*..............................................................................................*1*

*ARGUMENT*.......................................................................................................................*2*

**I.    The Complaint Should be Dismissed Because Moscot has Met Its Formidable Burden to Establish the Mootness of Mr. Jones's Claims** ....................................... **2**

a.    Rule 12(b)(1) Standard - Courts are permitted to refer to extrinsic evidence when deciding Motions under Rule 12(b)(1) and No Presumptive Truthfulness Attaches to the Complaint's Jurisdictional Allegations ................................................................... 2

b.    Mr. Jones has Not Countered Moscot's Extrinsic Evidence demonstrating the Complaint's Mootness ........................................................................................... 3

c.    Moscot's Remediation Began well before the Complaint was Filed.............................. 4

**II.    The Complaint Should be Dismissed Because Mr. Jones's Conclusory Allegations Cannot Support Standing** ........................................................................................... **5**

a.    Mr. Jones's Substantially False and Conclusory Allegations cannot Support a Concrete and Particularized Injury......................................................................................... 5

b.    Mr. Jones's Flooding of the Courts with identical complaints evinces his lack of concrete and particularized injury......................................................................... 8

c.    Mr. Jones Has Alleged No Facts to Show Future Harm ................................................. 9

*CONCLUSION*..................................................................................................................*11*

**Table of Authorities**

**Cases**

*Angeles v. Grace Prods. Inc.*, No. 20-cv-10167 (AJN), 2021 WL 4340427, 2021 U.S. Dist.
LEXIS 182317, at  *1 (S.D.N.Y. Sept. 22, 2021) ................................................................. 5, 6, 7

*Calcano v. Swarovski North America Ltd.,* 36 F.4th 68 (2d Cir. 2022) ................................. 8, 9, 10

*Camacho v. Vanderbilt University*, No. 18 Civ. 10694, 2019 WL 6528974, 2019 U.S. Dist.
LEXIS 209202 (S.D.N.Y. Dec. 4, 2019) ...................................................................................... 7

*Carter v. HealthPort Techs., LLC*, 882 F.3d 47, 56-57 (2d Cir. 2016) ........................................ 3

*Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) ....................... 4

*Davis v. Wild Friends Foods, Inc.*, No. 22-cv-04244 (LJL), 22-cv-04244, 2023 WL 4364465,
2023 U.S. Dist. LEXIS 115542 (S.D.N.Y. July 5, 2023) ............................................................. 9

*Dawkins v. Schott NYC Corp.*, No. 22-CV-3617 (PKC) (TAM), 2023 WL 6283285, at *8 n. 4
(E.D.N.Y. Sept. 26, 2023) .......................................................................................................... 7

*Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. Jun. 4, 2019) .................................................... 3

*Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020) ............11

*Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017) .......................... 6

*Fernandez v. Katie May, LLC*, 24-CV-1592 (VEC), 2025 WL 872114, 2025 U.S. Dist. LEXIS
51174 (S.D.N.Y. Mar. 20, 2025) ............................................................................................... 7

*Gropper v. Fine Arts Hous., Inc.*, 12 F.Supp.3d 664, 669 (S.D.N.Y. 2014) .................................... 4

*Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) ......... 3

*Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ..................................... 2

*Laufer v. Dove Hess Holdings*, No. 20-cv-00379, 2020 WL 7974268, at *11 (N.D.N.Y. Nov. 18,
2020) ......................................................................................................................................... 8

*Loadholt v. Dungarees, Inc.,* No. 22-cv-4699 (VEC), 2023 WL 2024792, at *4 (S.D.N.Y. Feb. 15, 2023) ................................................................................................................. 9, 10

*Loadholt v. ShirtSpace*, No.  22-CV-02870 (ALC), 2023 WL 2368972, 2023 U.S. Dist. LEXIS 36924 (S.D.N.Y. Mar. 6, 2023) .......................................................................................... 5

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160, 190 (2d Cir. 2015) ...... 1

*Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, 2023 WL 4364488, at *2 (S.D.N.Y. July 5, 2023) ................................................................... 5, 9

*Suris v. Crutchfield New Media, LLC*, No. 22-CV-6961 (NRM), 2023 WL 3792512, at *3-4 (E.D.N.Y. June 2, 2023) ...................................................................................... 10

*Tasini v. New York Times Co., Inc.*, 184 F.Supp.2d 350, 353 (2d Cir. 2002) ........................ 2, 3, 6

*Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2023) ............................................................................................................. 2, 3

*Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) .......................................................................................... 10

*Toro v. Medbar Corp.*, 23-CV-6878 (AS) (JLC), 2024 U.S. Dist. LEXIS 91815, WL 2308804 (S.D.N.Y. May 22, 2024) ................................................................................................ 3

*Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023) ..................... 8

**Statutes**

Fed. R. Civ. P. 12(b)(1) ................................................................................... 1, 3, 5, 8

Fed. R. Civ. P.  12(b)(6) ................................................................................... 1, 2, 3, 6

Individual Practice Rule 3.D.ii. ............................................................................... 1

Defendant Moscot.com, LLC ("Moscot") submits this Reply to Plaintiff's opposition (ECF 13, the "Opposition") to Moscot's Motion to dismiss (ECF 11 and 12, the "Motion") the complaint (the "Complaint") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**PRELIMINARY STATEMENT**

As set forth in the Motion, the Complaint is one in a series of fill-in-the-blank style pleadings, replete with false allegations or not actually tailored to the defendant at hand. Mr. Jones's late-filed Opposition is no exception – most of the arguments are not responsive to the Motion or are mere statements of law devoid of any application to the facts of this case. Indeed, at no point does Mr. Jones reference any specific paragraphs from the Complaint to support his contention that he has sufficiently alleged Article III standing. More concerningly, the Opposition confuses the legal standards in a motion pursuant to Rule 12(b)(1), the subject Motion here, with a motion pursuant to Rule 12(b)(6), which is *not* implicated here.

The internal inconsistencies in the Opposition, coupled with the naked statements of law that have not been applied to any facts, are a troubling continuation of Mr. Jones's "mad-libs" style pleadings. Mr. Jones could have attempted to remedy his pleading deficiencies, per the Court's Individual Practice Rule 3.D.ii. He did not. This choice constitutes a waiver of his right to use the amendment process to cure any defects in his pleadings. *See* Individual Practice Rule 3.D.ii. (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160, 190 (2d Cir. 2015)). Nor has Mr. Jones presented any expert evidence of his own to challenge Moscot's Website accessibility evidence. In sum, Mr. Jones has (1) failed to counter Moscot's evidence proving this case's mootness, and (2) forfeited his right to amend his Complaint to add nonconclusory allegations regarding his purported visits to Moscot's website and his purported intent to return.

1

For these reasons, as well as the reasons set forth in the Motion, the Court lacks subject matter jurisdiction over this action and should therefore grant Moscot's Motion.

## ARGUMENT

I.    **The Complaint Should be Dismissed Because Moscot has Met Its Formidable Burden to Establish the Mootness of Mr. Jones's Claims**

a.    **Rule 12(b)(1) Standard - Courts are permitted to refer to extrinsic evidence when deciding Motions under Rule 12(b)(1) and No Presumptive Truthfulness Attaches to the Complaint's Jurisdictional Allegations**

Mr. Jones makes no effort to counter the overwhelming evidence of remediation Moscot presented in its Motion. That evidence showed no accessibility barriers, meaning issues that prevented visually impaired or blind individuals from completing tasks, actually existed. Moscot remediated the single, low-severity accessibility issue verified to have existed by Moscot's accessibility consultant, Level Access. Instead, in a misguided effort to prevent the Court's consideration of Moscot's evidence of mootness, Mr. Jones claims that Moscot's "reliance on extrinsic evidence to establish mootness is unavailing at this stage of the litigation" because courts are not to consider such evidence when ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6). ECF 13 at 18. But Moscot's Motion was brought entirely pursuant to Rule 12(b)(1). Mr. Jones's reliance on Rule 12(b)(6) is perplexing, given his prior acknowledgement of the Motion's correct basis. *See* ECF 13 at 5.

As set forth in the Motion, the Court is permitted to refer to extrinsic evidence to the pleadings because the Motion presents a factual jurisdictional challenge. *Tasini v. New York Times Co., Inc.*, 184 F.Supp.2d 350, 353 (2d Cir. 2002) (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); *see also Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2023) ("The Second Circuit recognizes that 'a defendant is permitted to make a fact-based' Rule 12(b)(1) motion to dismiss, defined as a

2

jurisdictional objection 'proffering evidence beyond the complaint and its exhibits' as a basis for dismissal.") (quoting *Carter v. HealthPort Techs., LLC*, 882 F.3d 47, 56-57 (2d Cir. 2016) (cleaned up)). Also, in contrast to motions to dismiss pursuant to Rule 12(b)(6), "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Tasini*, 184 F.Supp.2d 350 at 353 (internal citations omitted). This lack of presumptive truthfulness is especially crucial where, as here, the Complaint is riddled with incorrect statements regarding Moscot's website.

### b.  Mr. Jones has Not Countered Moscot's Extrinsic Evidence demonstrating the Complaint's Mootness

In his Opposition, Mr. Jones also makes the implausible claim that "[t]his case … bears no resemblance to those cases finding that an ADA website defendant has met its 'formidable burden' of demonstrating mootness." ECF 13 at 17 (citing *Toro v. Medbar Corp.*, 23-CV-6878 (AS) (JLC), 2024 U.S. Dist. LEXIS 91815, WL 2308804 (S.D.N.Y. May 22, 2024); *Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537 (S.D.N.Y. Mar. 30, 2023); *Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020); and *Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. Jun. 4, 2019)). Yet Moscot's satisfaction of its formidable burden, and its evidence showing the same, is analogous to the efforts demonstrated by each of the defendants in the four cases cited by Mr. Jones. For example, just as in *Guglielmo*, Moscot submitted a declaration from its Director of E-Commerce attesting to Moscot's remediation of all applicable accessibility issues. *See* ECF 12-1, ¶¶ 17-20. And that declaration, and the exhibits attached thereto, satisfy Moscot's formidable burden to show the mootness of the claims alleged here.

To satisfy this formidable burden, Moscot is required to show "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Clear Channel Outdoor, Inc. v.*

3

*City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (citations omitted). Moscot's evidence conclusively demonstrates that there is no reasonable expectation that the alleged violations will recur because: (a) only one of the alleged issues, which was classified by Level Access as "low severity," was found and (b) interim events have irrevocably eradicated the effects of the alleged violation – Moscot has remediated the alleged accessibility issue verified to have existed by Level Access. *See* ECF 12, Aktan Declaration ¶¶ 16-20, ("Aktan Decl."), Exhibit C. Moscot has specifically tested, addressed, and remedied the alleged access barriers Mr. Jones claimed to have encountered. More importantly, Moscot will continue to work closely with its development team and Level Access to remain in compliance with WCAG guidelines. *Id.* As such, there is no reasonable expectation that any of the alleged violations will recur in the future, rendering Mr. Jones's claims moot. *See Clear Channel Outdoor*, 594 F.3d at 110. Accordingly, the Court should dismiss the Complaint for lack of standing.

### c. Moscot's Remediation Began well before the Complaint was Filed

Mr. Jones's concerns regarding the practical limitations of the voluntary cessation doctrine, namely that "a defendant cannot moot a case simply ending its unlawful conduct once sued" are also inapplicable here. The Opposition at 12 (quoting *Gropper v. Fine Arts Hous., Inc.*, 12 F.Supp.3d 664, 669 (S.D.N.Y. 2014)). As stated in the Motion and Aktan Declaration, Moscot focused its resources and time to prioritize the need to make the Website accessible to people with disabilities in accordance with WCAG guidelines *long before it was served with the Complaint*. The Opposition at 13 (citing Aktan Decl. ¶¶ 3-5, 21). Indeed, Moscot had taken significant steps to prevent access barriers and had committed to working with expert accessibility consultants and a regimen of continuous testing and improvement to ensure long-term compliance with the ADA and WCAG in May 2023. *Id.* (citing Aktan Decl. ¶¶ 18-21). As such, this is not a case, as the

4

Opposition obliquely implies, where a party accused of unlawful conduct temporarily ceases that conduct upon being sued in order to declare the case moot and evade the court's jurisdiction. *See* the Opposition at 12 (collecting cases involving the limitations of the voluntary cessation doctrine). As discussed in the Motion and Section I.b., *supra*, Moscot has demonstrated that there is no reasonable expectation that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation, thus requiring this case's dismissal pursuant to Rule 12(b)(1).

II. **The Complaint Should be Dismissed Because Mr. Jones's Conclusory Allegations Cannot Support Standing**

a. **Mr. Jones's Substantially False and Conclusory Allegations cannot Support a Concrete and Particularized Injury**

As stated above, the Complaint's allegations are not entitled to a presumption of truthfulness on a motion pursuant to Rule 12(b)(1). Yet Mr. Jones has made no attempt to respond to Moscot's evidence contradicting the existence of nearly all the alleged accessibility barriers. Even the cases relied upon by the Opposition make clear that the allegations at issue in a factual 12(b)(1) motion need not be considered true and may require a plaintiff to bring forward other evidence to survive dismissal. *See, e.g.*, *Angeles v. Grace Prods. Inc.*, No. 20-cv-10167 (AJN), 2021 WL 4340427, 2021 U.S. Dist. LEXIS 182317, at *1 (S.D.N.Y. Sept. 22, 2021) ("in assessing a 12(b)(1) motion, courts may consider affidavits and other documents outside of the complaint"); *Loadholt v. ShirtSpace*, No. 22-CV-02870 (ALC), 2023 WL 2368972, 2023 U.S. Dist. LEXIS 36924 (S.D.N.Y. Mar. 6, 2023); *Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, 2023 WL 4364488, at *2 (S.D.N.Y. July 5, 2023) ("however where the jurisdictional challenge is fact-based, the defendant may proffer evidence beyond the pleading, and the plaintiff will need to come forward with evidence of their own to controvert that presented by the defendant.") (citations omitted).

5

Moscot has put forward evidence showing that the Complaint's allegations are in fact false. Upon receipt of this Complaint, Moscot had Level Access perform tests to verify the existence of each of the access barriers alleged in the Complaint. Aktan Decl. ¶ 16. And Level Access did not encounter any access *barriers*. *Id*. The single low-severity issue Level Access found was promptly resolved. *See* Exs. B & C to Aktan Decl. Mr. Jones has failed to confront this evidence, chose not to amend his Complaint, and opted not to hire a rebuttal expert.

Instead, Mr. Jones attempts to obscure the deficiencies in his Complaint by relying on the general "principle that discrimination itself constitutes harm." Opp. at 9 (citing *Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017)). But Moscot does not dispute this recitation of the law. What Moscot *does* dispute is the allegation that Mr. Jones has suffered the injury identified in the Complaint, which Moscot's unopposed evidence shows he has not. Having opted against amending the Complaint or offering a rebuttal expert, Mr. Jones tries to avail himself of the presumptive truthfulness attaching to Pleadings challenged on a Rule 12(b)(6) motion, but as discussed above, that presumptive truthfulness does not attach here. *Tasini*, 184 F.Supp.2d 350 at 353.

Mr. Jones also points to cases where certain accessibility barriers were found sufficient to establish injury. However, those cases are distinguishable in significant ways. For instance, in *Angeles v. Grace Products, Inc.*, plaintiff Angeles filed supporting documents and affidavits in support of its opposition to a Rule 12(b)(1) motion. No. 20-cv-10167 (AJN), 2021 WL 4340427, 2021 U.S. Dist. LEXIS 182317, at *1-2 (S.D.N.Y. Sept. 22, 2021). The *Angeles* court also found unconvincing the defendant's argument that Angeles lacked standing because a reasonable alternative method for purchasing its product was available to the plaintiff. *Id.* at *5. In stark contrast to the circumstances present in *Angeles*, Moscot challenges the *veracity* of Mr. Jones's

allegations and Mr. Jones has failed to counter Moscot's evidence.

Mr. Jones also relies on *Camacho v. Vanderbilt University*, No. 18 Civ. 10694, 2019 WL 6528974, 2019 U.S. Dist. LEXIS 209202 (S.D.N.Y. Dec. 4, 2019), in which the plaintiff's second amended complaint and declaration were found sufficient to satisfy standing. *Id.* Yet, significantly, the defendant in *Camacho* failed to come forward with its own evidence. *Id*. Accordingly, Mr. Jones's position here is more analogous to the defendant in *Camacho* because Mr. Jones has failed to present controverting evidence in response to Moscot's affidavit and documents. *Id.* Indeed, the court in *Camacho* explained that "a plaintiff must present controverting evidence" if on a 12(b)(1) motion the defendant submits affidavits that reveal factual inaccuracies or problems. *Id.* at *22.

Mr. Jones's reliance on *Fernandez v. Katie May, LLC*, 24-CV-1592 (VEC), 2025 WL 872114, 2025 U.S. Dist. LEXIS 51174 (S.D.N.Y. Mar. 20, 2025) is likewise misplaced because the plaintiff in that case made specific allegations regarding the product she sought to purchase and why it appealed to her, instead of generic value assertions regarding the defendant's business. As explained in the Motion, Mr. Jones's allegations that Moscot held "themselves out as an online store renowned for offering high-quality eyewear, . . . [and that] the brand is known for its classic, vintage-inspired designs and craftsmanship" are "value assertions" and "are not factual allegations about [Mr. Jones's] own experiences or intent, but are allegations about the theoretical desirability of Defendant's products by the public in general." *Dawkins v. Schott NYC Corp.*, No. 22-CV-3617 (PKC) (TAM), 2023 WL 6283285, at *8 n. 4 (E.D.N.Y. Sept. 26, 2023). The Opposition makes no effort to address Mr. Jones's failure to set forth any details as to why Moscot's Gelt sunglasses in particular has any actual, specific relevance to him beside his desire to seek out and remedy ADA violations, which courts have held does not amount to a concrete and particularized injury. *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023) (citing *Laufer v.*

7

*Dove Hess Holdings*, No. 20-cv-00379, 2020 WL 7974268, at \*11 (N.D.N.Y. Nov. 18, 2020)).

Accordingly, the Complaint's allegations are insufficient to support an injury-in-fact, necessitating

its dismissal pursuant to Rule 12(b)(1).

      **b.** **Mr. Jones's Flooding of the Courts with identical complaints evinces his lack of concrete and particularized injury**

Despite the Opposition's efforts to distinguish this case from *Calcano v. Swarovski North America Ltd.,* 36 F.4th 68 (2d Cir. 2022), Mr. Jones is the very type of serial litigant that the Second Circuit cautioned against. As articulated in Section II.a., *supra*, the Complaint is not only a Mad-Libs style pleading, but is filled with errors. And that's the rub. The problems and barriers alleged to be on Moscot's website were not in fact present. This is what happens when dozens of complaints are recycled – down to the barriers alleged – from complaint to complaint. While Mr. Jones may be correct that certain elements of a complaint being boilerplate may be "a daily fact of life for most plaintiff firms," that reality does not apply to the *factual* allegations of a complaint. That is, statements of law and jurisdiction may carry from complaint to complaint, but the factual allegations concerning the access barriers on a defendant's website cannot practically share the same degree of transferability from complaint to complaint. The boilerplate nature of the Complaint, the factual errors resulting therefrom, and the identical nature of the numerous complaints filed by Mr. Jones in the last 9 months (with 4 others filed on the same day as the Complaint here) – show precisely why Mr. Jones lacks standing. In other words, it is not the mere fact of Mr. Jones's status as a serial filer, but rather the carelessness, failure to confirm allegations, rush to file bulk complaints, and ensuing factual errors, and inaccuracies in his Complaint, as demonstrated by the evidence referenced above, that are the problem.

Even the cases upon which Mr. Jones relies acknowledge that serial litigants will lack standing if their pleadings are tainted with factual errors. S*ee e.g.*, *Maddy v. Life Time, Inc.*, No.

22-cv-5007 (LJL), 2023 WL 4364488, at * 6, 2023 U.S. Dist. LEXIS 115503 (S.D.N.Y. July 5, 2023) (recognizing no standing in a case where "the allegations in plaintiffs' complaints across the five lawsuits were replete with "errors, oddities, and omissions.""); *Davis v. Wild Friends Foods, Inc.*, No. 22-cv-04244 (LJL), 22-cv-04244, 2023 WL 4364465, 2023 U.S. Dist. LEXIS 115542 (S.D.N.Y. July 5, 2023) (stating that serial filer's complaints riddled with errors could be a basis to find standing lacking). While there may be systemic accessibility barriers on the Internet generally, that fact does not immunize a serial filer from a dismissal based on a lack of standing. Where, as here, Mr. Jones has failed to plead accurate allegations, or to check the veracity of factual allegations before copying and pasting allegations across complaints, a finding of lack of standing is appropriate. *See Calcano,* 36 F.4. at 75.

### c. Mr. Jones Has Alleged No Facts to Show Future Harm

The Second Circuit's decision in *Calcano* "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Loadholt v. Dungarees, Inc.,* No. 22-cv-4699 (VEC), 2023 WL 2024792, at *4 (S.D.N.Y. Feb. 15, 2023) (citations omitted). The Opposition fails to take this into account. Nor does the Opposition address the threadbare nature of Mr. Jones's allegation that he "intends to visit [Moscot's] Website in the near future" (ECF 1, ¶ 51), which is fatal to his argument that he has alleged future harm. As explained by the Second Circuit, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the "totality of all relevant facts,"' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" C*alcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022); *see also Suris v. Crutchfield New Media, LLC*, No. 22-CV-6961 (NRM), 2023 WL 3792512, at *3-4 (E.D.N.Y. June 2, 2023) (finding that plaintiff failed to establish standing since he failed to specify *when* he planned to return to the defendant's website) (emphasis added); *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699 (VEC), 2023 WL 2024792, at *2-3 (finding

that plaintiff failed to establish standing where he alleged he visited defendant's website two times in the past to "potentially" purchase "some belts and a jacket" from the defendant's website and that he would "still like to return" to the website to "potentially purchase" certain items); *Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966, at \*2 (S.D.N.Y. Mar. 14, 2023) (finding no standing where plaintiff alleged that she visited an online retailer twice to purchase a "hook and needle kit" and that she "unequivocally intends to return to the website … as soon as the accessibility barriers are cured").

In sum, merely stating an intent to return in conclusory fashion, without real facts of when or why Mr. Jones intends to return, is insufficient to show future harm and standing. It is telling that Mr. Jones has not tried again to purchase the desired Gelt sunglasses – not since June 8, 2024, not nine months later before he authorized the filing of the Complaint, and not since Moscot submitted evidence that *accessibility barriers do not exist and had been cured*. Not even then.[1] Instead, he simply claims that he will be back when the Website he has not visited in nearly a year is fixed.  It is not plausible.

Similarly, an assertion of intent to return to a website when alleged barriers have been rectified is insufficient to confer standing. *See Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at \*2 (S.D.N.Y. July 6, 2020). This assertion is further belied by Level Access's tests, which showed that those similarly situated to Mr. Jones would, in fact, be able to use the Website to purchase the product Mr. Jones allegedly sought to purchase. *See* Aktan Decl. ¶¶ 16-19.

---

[1] And he makes no effort to answer any of the questions raised in the Motion as to why he was so intent on Gelt sunglasses, as opposed to the 146 other styles offered by Moscot or its competitors. the Motion at p. 10. Mr. Jones had multiple opportunities to address these deficiencies. He could have amended his Complaint within ten days of the Motion's filing or he could have addressed the questions posed by the Motion regarding his purported desire to purchase Moscot's Gelt sunglasses in his Opposition, but he did not do so.

Accordingly, Mr. Jones's Complaint must fail for lack of standing, requiring the Complaint's dismissal in its entirety.

## CONCLUSION

For these reasons, the Court should grant Moscot's Motion, dismiss the Complaint with prejudice, and grant such other, further relief as this Court deems just.

Dated: May 22, 2025
      Brooklyn, NY

Respectfully submitted,

**LEWIS & LIN, LLC**

By:_/s/ *Brett E. Lewis*_____
    Brett E. Lewis, Esq.
    Anna Iskikian, Esq.
    77 Sands Street, 6th Floor
    Brooklyn, New York 11201
    Tel: (718) 243-9323
    Fax: (718) 243-9326
    brett@ilawco.com
    anna@ilawco.com

    *Counsel for Defendant*

CC:    All counsel of record (via ECF)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 22, 2025, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system:

STEIN SAKS, PLLC
Rami Salim, Esq.
rsalim@steinsakslegal.com
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel: (201) 282-6500
Fax: (201) 282-6501
Attorneys for Plaintiff

/s/ *Brett E. Lewis*_____
Brett E. Lewis, Esq.
Anna Iskikian, Esq.
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
brett@ilawco.com
anna@ilawco.com

12