UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAY LEE JONES, *on behalf of himself
and all others similarly situated*,

Plaintiff,                          25-CV-1843 (JPO)

-v-                                         OPINION AND ORDER

MOSCOT.COM, LLC,

Defendant.

J. PAUL OETKEN, District Judge:

Plaintiff Clay Lee Jones, who is legally blind, brings this putative class action against

Defendant Moscot.com LLC ("Moscot") under the Americans with Disabilities Act (the "ADA")

and the New York City Human Rights Law ("NYCHRL").  Moscot now moves to dismiss under

Federal Rule of Civil Procedure 12(b)(1).  For the reasons that follow, the motion is granted.

I.      **Background**

Jones is a visually impaired and legally blind person who requires screen-reading

software to read digital content.  (ECF No. 1 ("Compl.") ¶ 2.)  Screen-reading software is

effective only if the content on a website is capable of being rendered into text.  (*Id.* ¶ 33.)  Jones

alleges that he attempted to access Moscot's website "multiple times, most recently on June 8,

2024," from his home in New York, New York, in an effort to purchase Gelt Sun sunglasses.

(*Id.* ¶¶ 20-21.)  According to Jones, he was interested in these sunglasses "because he was

looking for durable, stylish sunglasses with a classic design . . . that would offer both UV

protection and a comfortable fit for daily wear."  (*Id.* ¶ 22.)  Jones found Moscot's website

through a Google search and desired to buy products on the site because it offers a discount on a

first purchase and advertises itself as offering high-quality eyewear.  (*Id.* ¶ 23.)

1

However, Jones was unable to complete the purchase because of access barriers on the website that prevented his free and full use of the website through his keyboards and screen-reading software.  (*Id.* ¶ 44.)  "These barriers include but are not limited to: missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse, . . . [and] a host of broken links."  (*Id.* ¶¶ 44-45.)  As a result, Jones was unable to use and enjoy Moscot's website, but he intends to revisit the site if it is made accessible.  (*Id.* ¶¶ 50-51.)

Jones commenced this action on March 5, 2025, seeking injunctive, declaratory, and monetary relief under the ADA and NYCHRL.  (*See generally* Compl.)  Moscot filed its motion to dismiss on May 1, 2025, along with a memorandum of law and a number of affidavits and exhibits.  (ECF No. 11; ECF No. 12 ("Mem."); ECF Nos. 12-1 to 12-10.)  Jones filed an opposition (ECF No. 13 ("Opp.")), and Moscot filed a reply (ECF No. 14 ("Reply")).

## II.    Legal Standard

Moscot brings a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "For a federal court to have subject matter jurisdiction, 'an actual controversy must be extant at all stages of its review,' and if 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point in the litigation, then the action must be dismissed as moot."  *Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916, 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2023) (alterations adopted) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013)).

"Although [courts] generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still bears the burden of alleging facts that affirmatively and plausibly

suggest that the plaintiff has standing to sue." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. "[A] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quotation marks omitted). A fact-based Rule 12(b)(1) motion "proffer[s] evidence beyond the plaintiff's pleading," and "[i]n opposition to such a motion, plaintiffs must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in their pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.* (cleaned up). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

## III.    Discussion

### A.    Article III Standing

Moscot first argues that the complaint fails to plausibly allege constitutional standing. (Mem. at 10-13.) "The Court must ensure that the constitutional requirement of standing is met prior to adjudicating a plaintiff's claims." *Angeles v. Grace Prods., Inc.*, No. 20-CV-10167, 2021 WL 4340427, at *1 (S.D.N.Y. Sept. 23, 2021) (Nathan, J.) (citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 93-96 (1998) and *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "For a plaintiff to have Article III standing, he must establish three things: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022). "To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail,

including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future." *Angeles*, 2021 WL 4340427, at *2 (collecting cases).

Jones adequately alleges standing. Jones sufficiently alleges past injury, as he describes with specificity how he tried to visit Moscot's website to buy a pair of sunglasses on at least one day, June 8, 2024, and that access barriers deprived him of the ability to use and enjoy the website. (*Id.* ¶¶ 20-24.) Jones also alleges the type of barriers that rendered him unable to navigate the website. (*Id.* ¶¶ 44-49.) Contrary to Moscot's contentions, such allegations are sufficient to establish standing at the complaint stage. *See Angeles*, 2021 WL 4340427, at *2 (holding that plaintiff plausibly alleged standing by "provid[ing] approximate date of when she attempted to access the website," alleging that she had an ongoing interest in purchasing defendant's products, that she went to defendant's website to make a purchase, and that she was unable to navigate the website because of specific access barriers).

Moscot argues that Jones does not sufficiently allege that he will frequent its website in the future, an element of injury-in-fact that the Second Circuit has emphasized in the ADA context. *See Calcano*, 36 F.4th at 74-75 ("[T]he focus of the third factor—i.e., intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021))). Moscot contends that Jones fails to plead with sufficient specificity that he intends to return to the website, as he only alleges that he intends to return once the website is accessible. (Mem. at 14.) But because "websites are already easily accessible at any moment, [Jones's] claim that he will return to the website to make a purchase once the issues are remedied is sufficient to satisfy this prong of standing." *Sanchez v. NutCo, Inc.*, No. 20-CV-10107, 2022

4

WL 846896, at *3 (S.D.N.Y. Mar. 22, 2022) (quotation marks omitted). *Calcano* does not require a different outcome. Unlike the plaintiffs in that case, Jones alleges specific dates of prior visits and specific reasons for why he was and continues to be interested in accessing Moscot's website. *Cf. Calcano*, 36 F.4th at 75. "In the virtual world, the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Zinnamon v. Satya Jewelry II, LLC*, No. 23-CV-781, 2023 WL 3511123, at *2 (S.D.N.Y. Apr. 28, 2023). Here, Jones alleges that he wanted to buy a pair of Gelt Sun sunglasses, that he was interested in Moscot's website in particular because of the style and quality of its eyewear offerings and because it offers a discount on a first purchase, and that he had previously visited the website and intends to do so again. (Compl. ¶¶ 39-42, 51.) These allegations, taken as true, satisfy his burden to plausibly allege standing.

### B.    Mootness

Moscot also argues that Jones's claims are moot. (Mem. at 18-19.) "To dismiss a Title III ADA claim as moot, a movant must demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Sullivan v. Study.com LLC*, No. 18-CV-1939, 2019 WL 1299966, at *5 (S.D.N.Y. Mar. 21, 2019) (quotation marks omitted). "Defendants typically cannot moot a claim . . . by simply deciding to cease the challenged conduct." *Toro v. Artizan Coffee Co.*, No. 24-CV-2253, 2025 WL 2662176, at *4 (S.D.N.Y. Sept. 17, 2025). Instead, "[u]nder the 'voluntary cessation' doctrine, they must show not only that those activities have ceased but also that they 'cannot reasonably be expected to recur.'" *Id.* (quoting *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024)). This is a "formidable

burden." *Id.* (quotation marks omitted).  Because mootness is a challenge to subject matter jurisdiction, the Court can consider evidence beyond the complaint and its exhibits.  *See Tavarez*, 2023 WL 2712537, at *2.

Here, Moscot offers a declaration and a report to support its contention that it had already been taking commercially reasonable steps to comport with Web Content Accessibility Guidelines ("WCAG") and that it has further eliminated any access issues since being served with the complaint.  Moscot submits a declaration from its Director of E-Commerce, Alara Aktan (the "Aktan Declaration"), stating that Moscot has worked with Level Access, a leading provider of digital accessibility services since May 2023, that Moscot has one of the highest scores among Level Access's e-commerce clients, and that Moscot continues to work with Level Access to test its website and enhance its accessibility.  (ECF No. 12-1 ¶¶ 5, 7-10.)  Aktan further states that since being served with the complaint, Moscot has worked with Level Access to confirm the existence of the barriers alleged in the complaint.  (*Id.* ¶¶ 15-16.)  Level Access concluded that no accessibility barriers prevented those using the same screen reader and operating system that Jones uses from purchasing the Gelt Sun sunglasses.  (*Id.* ¶ 16; *see also* ECF No. 12-3.)  However, the investigation did identify a single low-severity issue—hidden elements—which Moscot remedied.  (ECF No. 12-1 ¶ 18; ECF No. 12-3 at 4.)  Aktan states that Moscot continues to work closely with Level Access to remain in compliance with WCAG and to ensure accessibility to its website.  (*Id.* ¶ 21.)

Courts in this district have held that a defendant can establish mootness through voluntary compliance "by submitting affidavits and other evidence demonstrating that the defendant has altered the website to bring it into full and permanent compliance and has no intention of regressing back to inaccessibility."  *Angeles*, 2021 WL 4340427, at *3.  "Much like

evidence that has previously been found sufficient by this Court, [Moscot's] attestation offers significantly more than some conclusory assertion of the Website's ADA compliance." *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-CV-11197, 2020 WL 7480619, at \*6 (S.D.N.Y. Dec. 18, 2020) (quotation marks omitted).  The Aktan Declaration describes the steps that Moscot had taken to ensure ADA-compliance prior to the commencement of this suit, the steps Moscot has since taken to identify and remedy any failures to comply with WCAG, and the steps Moscot plans to take in the future to ensure ongoing compliance.  The declaration is supported by the accompanying exhibits, which include Moscot's contractual agreement with Level Access and the report prepared by Level Access illustrating the auditing process.  In other words, the record developed by Moscot establishes that "prior to the litigation, Defendant had invested time and resources in improving the Website's accessibility," that "Defendant has remedied each of the violations alleged by Plaintiff," and that "going forward," Defendant will ensure accessibility be a central aspect of its website.  *Tavarez*, 2023 WL 2712537, at \*3 (cleaned up).  This evidence "does meet the stringent showing required by the Supreme Court's mootness precedents."  *Guglielmo*, 2020 WL 7480619, at \*6 (quotation marks omitted).

In response to this showing of mootness, Jones emphasizes the strict standard that defendants must satisfy to establish mootness through voluntary cessation and argues that Moscot impermissibly uses extrinsic evidence in support of its mootness argument.  (Opp. at 16-19.)  These arguments fail.  First, as Moscot points out, Jones incorrectly relies on the standard for a motion to dismiss under Rule 12(b)(6), which does not apply here.  *See Tavarez*, 2023 WL 2712537, at \*2.  More fundamentally, Jones fails to rebut the evidence establishing that Moscot has cured any ADA violations in its website.  Indeed, Jones does not offer any declarations or exhibits in response to the Aktan Declaration or the accompanying Level Access report.  Jones

also fails to explain how this case can be distinguished from the ones in which this Court has dismissed an ADA website case for mootness based on the voluntary conduct of the defendant. On this unrebutted record, the Court determines that Moscot has met its burden of demonstrating that it is absolutely clear that its website has been brought into compliance and will remain in compliance. *See Tavarez*, 2023 WL 2712537, at *4 ("Plaintiff fails to contest Defendant's extensive proffer on compliance, which means that [Defendant's] declarations' summary of Defendant's achievement to date do meet the stringent showing required by the Supreme Court's mootness precedents." (cleaned up)); *cf. Angeles*, 2021 WL 4340427, at *3 (denying motion to dismiss because plaintiff offered competing evidence on mootness); *Toro*, 2025 WL 2662176, at *4 (same).

Having dismissed Jones's federal cause of action, the Court declines to exercise supplemental jurisdiction over any of the state law claims. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage."). The NYCHLR claim is dismissed without prejudice to refiling in state court. The declaratory judgment claim is dismissed as moot.

## IV.    Conclusion

For the foregoing reasons, Moscot's motion to dismiss is GRANTED. The claims against Moscot are dismissed without prejudice.

The Clerk of Court is directed to close the motion at Docket Number 11 and to close this case.

SO ORDERED.

Dated: March 5, 2026
          New York, New York

_____
J. PAUL OETKEN
United States District Judge

8